IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BCL Capital Funding, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-03607 |
| v. | ) | |
| | ) | |
| Rudd & Company, PLLC | ) | (Formerly Circuit Court of Cook County, Illinois, No. 2016 L 001801) |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RUDD & COMPANY, PLLC's MOTION TO DISMISS

Plaintiff brings this suit against Rudd & Company, PLLC ("Rudd") alleging that Rudd prepared a personal financial statement for a client, and the client then used the personal financial statement to induce Plaintiff to loan him a substantial sum of money. When the borrower later defaulted on the loan, Plaintiff sought and obtained a judgment against the borrower. As that judgment remains unsatisfied, the Plaintiff has brought this Complaint against Rudd.

Plaintiff's Complaint should be dismissed because this court lacks personal jurisdiction over Rudd, a Montana Professional Limited Liability Company that does not do business in Illinois and has no contacts with this state.

### PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that it is an Illinois Limited Liability Company with its principal place of business located in Cook County, Illinois, while the Defendant is a Montana Professional Limited Liability Company. Plaintiff's Complaint, attached hereto as Exhibit 1, at ¶¶ 3-4. In early 2004, Plaintiff was in negotiations with John Dunlap (the "Borrower") for financing the Borrower sought for an entity he controlled. During Plaintiff's performance of due diligence on the subject loan,

the Borrower provided a personal financial statement concerning his net worth to Plaintiff that was prepared by his accountant, Rudd. Exhibit 1 at ¶ 1. Later during the due diligence process, Plaintiff asked the Borrower for a letter certifying that there was no change in the Borrower's net worth, and Rudd provided such a letter. Exhibit 1 at ¶ 11. Plaintiff subsequently agreed to loan the Borrower $8,800,000.00, and shortly thereafter the Borrower defaulted on the loan. Plaintiff obtained a judgment of confession against the Borrower for approximately $4.5 million, but that judgment remains unsatisfied. Exhibit 1 at ¶¶ 13-14. This Complaint followed.

Plaintiff does not allege any specific conduct or activities by Rudd that occurred in Illinois, but instead only vaguely asserts that Plaintiff relied on a statement of financial condition and a letter prepared by Rudd in deciding to loan the Borrower the funds at issue. Nowhere in the Complaint does Plaintiff allege any contacts directly between Rudd and Plaintiff, nor any contacts by Rudd with the state of Illinois. As shown below, Plaintiff's claim against Rudd in this Court fails for lack of personal jurisdiction.

## ARGUMENT

**Rudd is not subject to personal jurisdiction in this Court**

Motions to Dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure ("Rule") 12(b)(2). *GoldenTree Asset Mgmt. v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1186 (N.D. Ill. 2014). On a rule 12(b)(2) motion, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Kipp v. Ski Enterprise Corp. of Wisconsin, Inc.*, 783 F.3d 695, 697 (7th Cir. 2015). A federal district court sitting in diversity must apply the personal jurisdiction rules of the state in which it states, here Illinois. *Id.* The governing statute in Illinois permits its courts to exercise personal jurisdiction to the limits of the Due Process Clause of the Fourteenth Amendment. *Id.* (citing 735 ILCS 5/2-209(c)).

Courts recognize two types of personal jurisdiction: general and specific. *Id.* (citing *Daimler A.G. v. Bauman*, 134 S.Ct. 746, 751 (2014)). Neither is present here.

**A. Rudd is not subject to general personal jurisdiction in this Court.**

General jurisdiction is "all-purpose"; it exists "only when the [party's] affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State." *Kipp,* 783 F.3d 697-98 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)). "In recent years," the Supreme Court has "raised the bar for this type of jurisdiction." *Id.* at 698. In a pair of recent cases - *Daimler* and *Goodyear* - the Court has "emphasized" that general personal jurisdiction "should not lightly be found." *Id.*

Instead, the Court has stressed that general jurisdiction exists only when an organization is "essentially at home." *Id.* (citing *Goodyear*, 131 S.Ct. at 2851). The Court has identified only two forums where that condition will generally be met: the state of the corporation's principal place of business and the state of its incorporation. *Id*. (citing *Daimler*, 134 S.Ct. at 760). Any additional candidates would have to meet the stringent criteria laid out in *Goodyear* and *Daimler*, which require more than the "substantial, continuous, and systematic course of business" that was once thought to suffice. *Id.* (citing *Daimler*, 134 S.Ct. at 760-61). As the Court has explained, general jurisdiction is present only when "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit. . . on causes of action arising from dealings entirely distinct from those activities." *Id.* (citing *Daimler*, 134 S.Ct. at 761).

Here, Rudd has no contacts with the State of Illinois and certainly does not have sufficient contacts to be considered "at home" in Illinois. As explained in the attached Declaration of John Clark, Rudd is a Montana Professional Limited Liability Company with its headquarters and

principal place of business in Montana. Exhibit 2, Declaration of John Clark at ¶ 4.[1] Thus, Rudd is not incorporated in Illinois and does not have its principal place of business in Illinois, the only two criteria for personal jurisdiction accepted by the Court in *Daimler* and *Goodyear*. *Kipp*, 783 F.3d at 698.

Moreover, Rudd has no meaningful contacts with the State of Illinois. Rudd is not registered or licensed to do business in Illinois and does not conduct business in Illinois (Clark Declaration at ¶ 5); it does not maintain any offices, employees, or even a phone listing in Illinois (*Id.* at ¶ 6); it has no bank accounts or other assets or direct investments in Illinois (*Id.* at ¶ 7); it does not advertise in Illinois (*Id.* at ¶ 8); it has not entered into or performed any contracts in or relating to Illinois (*Id.* at ¶ 9); and it does not lease or own property in Illinois (*Id.* at ¶ 10). It has never been required to pay Illinois income taxes or franchise fees or any other state taxes. (*Id.* at ¶ 11). It has never commenced any suit in any court in Illinois and has no agent authorized to receive service of process in this state. (*Id.* at ¶ 12). Accordingly, Rudd does not have sufficient contacts to be considered "at home" in Illinois. Thus, this Court does not have general personal jurisdiction over Rudd.

**B. Rudd is not subject to specific personal jurisdiction in this Court.**

Unlike general jurisdiction, specific personal jurisdiction exists only when the case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler*, 134 S.Ct. at 754. There is no specific jurisdiction here because Plaintiff's allegations do not relate to any activity in Illinois. To the contrary, all of the alleged actions in the Complaint in any way relating to Rudd occurred outside of Illinois. The statement of financial condition prepared by Rudd for John and Anne Dunlap dated December 3, 2012 and marked as Exhibit A to the Complaint was prepared in

---

[1] The Court can consider the evidence in the Declaration attached to this brief in ruling on Rudd's arguments under Rule 12(b)(2). *Apex Digital, Inc. v. Sears Roebuck & Company,* 572 F.3d 440, 443-444 (7th Cir. 2009).

Montana and provided to Dunlap in North Dakota (Clark Declaration at ¶ 13). The letter prepared by Rudd dated February 21, 2014 to John Dunlap stating that Rudd was not aware of any change in Dunlap's financial condition since the statement of financial condition, which is attached as Exhibit B to Plaintiff's Complaint, was prepared and provided to Dunlap in Montana. It was never provided by Rudd to Plaintiff (Clark Declaration at ¶ 14). In fact, Rudd had no contact at all with Plaintiff and did not provide any information to Plaintiff. (Clark Declaration at ¶ 15).

In short, this Court has neither general nor specific personal jurisdiction over Rudd. Accordingly, Rudd should be dismissed from this case. *Kipp*, 783 F.3d at 699.

## CONCLUSION

For the reasons set forth above, the court should dismiss the claims against Rudd in their entirety and award Rudd any other relief the court deems appropriate.

Respectfully submitted,

Rudd & Company, PLLC

By: */s/Thomas Falkenberg*
One of Its Attorneys

Thomas Falkenberg
Williams Montgomery & John Ltd.
233 S. Wacker Drive, Suite 6100
Chicago, Illinois 60606
(312) 443-3200
tff@willmont.com

29893/1237856

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | ) | |
|---|---|---|
| BCL Capital Funding, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| v. | ) | |
| | ) | |
| Rudd & Company, PLLC | ) | (Formerly Circuit Court of Cook County, |
| | ) | Illinois, No. 2016 L 001801) |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO: Brown Udell & Peters, Ltd.
1332 N. Halstead, #100
Chicago, IL, 60642

PLEASE TAKE NOTICE that on the 13th day of April, 2016 we filed with the Clerk of the United States District Court for the Northern District of Illinois, via the Court's CM/ECF system **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RUDD & COMPANY, PLLC's MOTION TO DISMISS**, a copy of which is attached and hereby served upon you.

        Respectfully submitted,

        Rudd & Company, PLLC

        By: */s/Thomas Falkenberg*
               One of Its Attorneys

Thomas Falkenberg
Williams Montgomery & John Ltd.
233 S. Wacker Drive, Suite 6100
Chicago, Illinois 60606
(312) 443-3200
tff@willmont.com

## **CERTIFICATE OF SERVICE**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned, on oath states that he served the attached **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RUDD & COMPANY, PLLC's MOTION TO DISMISS,** on counsel of record for all parties entitled to service by electronically filing same in accordance with the Court's electronic filing requirements, by e-mail on April 13, 2016:

    Glenn Udell
    Glenn Kanter
    Brown Udell & Peters, Ltd.
    1332 N. Halstead, #100
    Chicago, IL, 60642

By: */s/Thomas Falkenberg*