IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BCL CAPITAL FUNDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 16-cv-03607 |
| v. | ) |
| | ) (Formally Circuit Court of Cook County, |
| RUDD & COMPANY, PLLC, | ) Illinois, No. 2016 L 001801) |
| | ) |
| Defendants. | ) |

## BCL-CAPITAL FUNDING, LLC'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES the Plaintiff, BCL-Capital Funding, LLC ("BCL" or "Plaintiff") by and through its attorneys, Brown, Udell, Pomerantz & Delrahim, Ltd., in Response to the Motion to Dismiss (the "Motion") of Defendant Rudd & Company, PLLC ("Defendant" or "Rudd"), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, states as follows:

### I. INTRODUCTION

This action stems from BCL's financing of a loan to an individual named John Dunlap ("Dunlap") regarding financing Dunlap sought for an entity that he controlled. Defendant, Dunlap's accountant, was aware of the proposed transaction between BCL and Dunlap, and had intimate knowledge of Dunlap's finances. (Comp. ¶¶ 1, 9). In support of Dunlap's proposed transaction with Plaintiff, Defendant provided Plaintiff with a financial statement concerning Dunlap's net worth. (Comp. ¶¶ 1, 9). Defendant did so in order to permit BCL to perform its due diligence in evaluating whether Dunlap was creditwrothy for the proposed loan. (Comp. ¶¶ 1, 8). Defendant did so and provided a certification stating that Dunlap had had a net worth in excess of $47 million. (Comp. ¶¶ 1, 11). However, the financial information concerning Dunlap's net worth was false, and Defendant either knew that this information was false, or was so

1

incompetent as an accountant that Defendant was incapable of actually certifying Dunlap's net worth. (Comp. ¶¶ 1, 12). Despite this knowledge, Defendant still affirmatively provided its expert opinion as to the accuracy and truthfulness of Dunlap's financial condition. (Id.).

As a result of Defendant's misrepresentations concerning Dunlap's financial condition, Plaintiff loaned Dunlap a sum of $8,800,000. (Comp. ¶ 13). Dunlap eventually defaulted on his obligation to Plaintiff, and Plaintiff obtained a judgment against Dunlap. (Comp. ¶ 14). That judgment remains unsatisfied[1].

On February 19, 2016, BCL filed suit in the Circuit Court of Cook County, Law Division, seeking to recover against Defendant for its culpability in providing false information to Plaintiff. In response, on March 25, 2016, Defendant removed the matter to this Honorable Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. After removing the matter to this Court, Defendant than moved, pursuant to F.R.C.P. Rule 12(b)(2), claiming that dismissal is proper due to the lack of minimum contacts Defendant has within the state of Illinois.

In support of Defendant's Motion, Rudd submits the Declaration of John Clark (the "Clark Declaration"), a member of the Defendant entity and Dunlap's long-time accountant. Mr. Clark, the very individual whose actions and statements led to the filing of this lawsuit for misrepresentation, recites a variety of self-serving reasons why Defendant should not be subject to jurisdiction of this Court. Notably absent in the Clark Declaration is any statement as to what Clark believed the purpose of his attestation of Dunlap's finances served. The reason for that is simple: Defendant knew the information it provided for Dunlap would ultimately be used by

---

[1] Plaintiff has opted not to make John Michael Dunlap a Defendant in this matter, and to include conspiracy claims against he and Defendant, as Plaintiff already has an uncollectable judgment against Dunlap of approximately $5 million.

2

Plaintiff, an Illinois firm, in making a determination within the state of Illinois about whether it would loan funds which were currently held in Illinois.

Accordingly, Defendant's argument must fail as Rudd intentionally provided information that it knew was ultimately for use in Illinois. These actions, even though ultimately done by Dunlap, result in Defendant having sufficient minimum contacts with the state of Illinois As these allegations are not rebutted by Defendant in its Motion, these allegations serve as the basis for this Court to establish personal jurisdiction over Rudd. Accordingly, Defendant's motion must be denied.

## II. DEFENDANT IS SUBJECT TO PERSONAL JURISDICTION IN ILLINOIS.

Defendant subjected itself to personal jurisdiction in Illinois by acting in concert with Dunlap to misrepresent the latter's financial condition. This misrepresentation was then provided to Plaintiff, in Illinois, as was always the intention of Defendant and Dunlap. Plaintiff then relied upon that information, and agreed to finance Dunlap's transaction, all from its corporate headquarters in Illinois. Accordingly, Rudd has subjected itself to the personal jurisdiction of this Court by acting in concert with Dunlap to defraud an Illinois entity in Illinois, and Defendant's Motion must be denied.

When ruling on a motion to dismiss filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, dismissal is unwarranted when a plaintiff has demonstrated, as BCL has here, that Defendant is subject to personal jurisdiction of the Court. While a plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit, the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When ruling on a motion to dismiss for lack of personal jurisdiction, the court

accepts as true "all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff." *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

In Illinois, a federal district court has personal jurisdiction over a nonresident party only if an Illinois state court would have jurisdiction over that party. *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1275 (7th Cir. 1997) To meet this burden, a plaintiff is required to meet two criteria: (1) jurisdiction must be authorized by the Illinois long-arm statute, and 2) the defendant must have minimum contacts with Illinois significant enough that personal jurisdiction does not violate due process. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). The Illinois long-arm statute authorizes courts to exercise jurisdiction to the fullest extent allowed by the Illinois and federal Constitutions. 735 ILCS 5/2-209(c); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 714 (7th Cir. Ill. 2002). Therefore, the inquiry into personal jurisdiction results in an examination of whether jurisdiction over a defendant complies with the test as set forth in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), which requires that defendants, although not required to be physically present in the territorial jurisdiction of the court, to have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Hyatt Int'l*, 302 F. 3d at 716.

In the Clark Declaration, Mr. Clark goes to great lengths to describe all the ways in which Defendant does not conduct business in Illinois. He recites Defendant's state of residence and the fact that Rudd does not have any meaningful contacts in Illinois (Clark Dec. ¶¶ 4-12). Clark continues by stating that the statement of financial condition which Plaintiff relied upon was prepared for Dunlap in Montana and no one from the Defendant entity had any direct contact with Plaintiff. (Clark Dec. ¶¶ 13-15). However, notably absent from absent from this statement is

any mention of the purpose of the statement of financial condition Defendant produced. The reason for this omission is simple – Defendant knew Dunlap required the certification of his financial condition for the purposes of the subject loan, which originated out of Illinois. (Comp. ¶¶ 1, 9). By actively knowing this information, and conspiring with Dunlap to provide false information to BCL, Defendant has subjected itself to personal jurisdiction in Illinois.

There are a number of instances where individuals or entities that would normally not be subject to jurisdiction of a district court may be, as a result of their acting in concert with another party who acted within the district in question. In *SEC v. Homa, 2004 U.S. Dist. LEXIS 5450* (N.D. Ill. Mar. 31, 2004), investors sought to recoup their money as a result of a Ponzi scheme. After this Court issued a freeze order, defendants transferred funds and sold stock of the offending entity in violation of that order. *Homa* at 5-6. The Northern District concluded that it had personal jurisdiction over a foreign bank which aided and abetted a defendant who was located within the Court's jurisdiction. *Id.* In denying the defendants' motion to dismiss for lack of personal jurisdiction, this Court found the defendants' active aiding and abetting of wrongdoing within the jurisdiction was enough to subject them to the personal jurisdiction of the Court. *Id.* at 24.

Similarly, in *Overland Bond & Inv. Corp. v., 1984 U.S. Dist. LEXIS 24711* (N.D. Ill. July 30, 1984), this Court found personal jurisdiction existed over a defendant who never had direct contacts within the state of Illinois. In *Overland,* a car buying corporation sued an ex-employee for fraud in addition to the auctioneer from whom that ex-employee purchased automobiles for plaintiff. *Overland* at 2-3. Several defendants claimed the Court had no personal jurisdiction over them on the basis that they had not conducted business in Illinois. *Id.* In denying the defendants' motion, this Court found that even though defendants' alleged wrong actions

5

took place outside the state of Illinois, it was only necessary that their wrongful conduct caused injury to plaintiff within the state of Illinois, where its business was located. *Id.* at 22. In reaching this conclusion, this Court determined that the actual tortious event occurred within Illinois once the plaintiff had been defrauded. *Id.*

The same rationale applied by this Court in and *Homa* and *Overland* applies in the present situation. Here, Defendant and Dunlap acted in concert to misrepresent Dunlap's financial condition. (Comp. ¶¶ 1, 8, 11, 12). This is underscored by the fact that Clark never refutes this fact in his Declaration. The reason is simple; he cannot. Defendant acted in concert with Dunlap to provide a false certification of his financial condition, which Dunlap provided to Plaintiff in Illinois. Plaintiff then relied upon that certification, which it reviewed Illinois, which was the same location from which it agreed to finance Dunlap's transaction. (Comp. ¶ 13). The financing then came from BCL in Illinois. Accordingly, Defendant has subjected itself to the personal jurisdiction of this Court by acting in concert with Dunlap to defraud an Illinois entity in Illinois, and Defendant's Motion must be denied.

### III. <u>CONCLUSION</u>

WHEREFORE, Plaintiff, BCL-Capital Funding, LLC respectfully requests that this Honorable Court enter an order denying Defendant's Motion to Dismiss, and grant it such further relief as the Court deems just and fair.

Dated: June 9, 2016                          Respectfully submitted,
                                                                  BCL-Capital Funding, LLC

                                                        By:    /s/ Glenn Kanter
                                                                         One of its attorneys

Glenn L. Udell ARDC No.
Glenn M. Kanter ARDC No. 6295135
Brown, Udell, Pomerantz & Delrahim, Ltd.
1332 North Halsted Street, Suite 100
Chicago, Illinois 60642
Ph: (312) 475-9900
Fax: (312) 475-1188
Attorney No. 34089