```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| **BCL CAPITAL FUNDING,** | |
| Plaintiff, | Case No. 16 C 3607 |
| v. | |
| **RUDD & COMPANY, PLLC,** | Judge Harry D. Leinenweber |
| Defendant. | |

# ORDER

Defendant Rudd & Company, PLLC's Motion to Dismiss [ECF No. 7] is denied.

# STATEMENT

Plaintiff is an Illinois limited liability company with its principal place of business in Cook County, Illinois. The Defendant is a Montana Professional Limited Liability Company. Plaintiff is in the business of providing financing for real estate endeavors. An individual named John Dunlap ("Dunlap") sought to borrow money from Plaintiff for a real estate project he controlled. At Plaintiff's request Dunlap provided personal financial information in order to demonstrate credit worthiness. The Defendant, Dunlap's accountant, provided to Dunlap a financial statement it prepared for Dunlap as of December 31, 2012, together with a letter to Dunlap dated February 21, 2014, which stated that Defendant had reviewed the December 31, 2012 financial statement and was unaware of any transaction that had occurred that would have substantially change the financial statement if it was issued as of the later date. The financial statement indicated that Dunlap had a net worth of $47,221,000. Based on the financial statement provided, Plaintiff agreed to loan Dunlap $8,800,000.

Unfortunately the information in the financial statement was false and as a result Plaintiff lost over $5,000,000. Based on the foregoing, Plaintiff has sued Defendant alleging fraud, Negligent Misrepresentation, and violation of the Illinois consumer Fraud and Deceptive Practices Act.

Defendant has moved to dismiss based on FRCP Rule 12(b)(2) contending that it is a Montana Professional Limited Liability Company that does not do business in Illinois and has no contracts within the State of Illinois. Defendant supported its motion with an affidavit from John Clark ("Clark"), a member of Defendant who was responsible for preparing the financial statement and the letter update. In the affidavit, Clark declared that Defendant had no meaningful contacts with the State of Illinois and had no contacts with Plaintiff.

Plaintiff responds by contending that Defendant was aware of the purpose to which Dunlap was going to use the financial statement and supporting letter so as to allow Plaintiff to perform due diligence in evaluating Dunlap's creditworthiness, and that Defendant knew that the information in the financial statement was false. Plaintiff also pointed out that notably absent from Clark's declaration was any statement to the effect that he did not know the purpose for which the financial information was to be used by Dunlap and that he did not know it was to be given to the Plaintiff, an Illinois lender.

Plaintiff further argues that the burden on a plaintiff to establish personal jurisdiction is only to persuade the court that its factual allegations constitute a *prima facie* showing of jurisdiction, citing *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003), and that Illinois courts have found jurisdiction where a non-resident party aided and abetted a defendant, who was located in the

jurisdiction, in perpetrating a fraud.  *SEC v. Homa,* 2004 U.S. Dist. LEXIS 5450 (N.D.Ill. Mar. 31, 2004).

Defendant responds in its Reply Brief contending that it did not specifically deny that it knew the purpose for which the financial information was to be used because Plaintiff did not allege this in the Complaint that it had this information.  In addition, Defendant supplied a supplement to his declaration by declaring specifically that he was unaware of the identity or location of the person or entity to which the statement of financial condition and the letter would be provided.  Defendant does not, however, contest the proposition that an aider and abettor of a fraud submits to the jurisdiction where the fraud is perpetrated.

The problem with Defendant's position is that Plaintiff did, in fact, allege in the Complaint that Defendant had knowledge of the fact that the financial information would in fact be used by Plaintiff in deciding to enter into the loan transaction with Dunlap.  Paragraph 32 of the Complaint specifically states "Defendant made the statement with the intention that Plaintiff would enter into the subject loan transaction with [Dunlap]."  Furthermore, it is too late to provide exculpatory information in support one's position in a reply brief.  "A reply brief is for replying" not for raising new matters which come too late for the respondent to answer.  Such matters are waived.  *Hussein v. Oshkosh Motor Truck Co.,* 816 F.2d 348 (7th Cir. 1987).

The Motion to Dismiss under Rule 12(b)(2) is denied.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: August 4, 2016