IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BCL CAPITAL FUNDING,<br><br>   Plaintiff,<br><br> v.<br><br>RUDD & COMPANY, PLLC;<br><br>   Defendants. | No. 16-C-3607<br><br>Hon. Harry D. Leinenweber |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Rudd & Company, PLLC, by and through its counsel, respectfully answers Plaintiff's Verified Complaint as follows:

### INTRODUCTION

1. Defendant has insufficient information concerning the allegations relating to the negotiations between Plaintiff BCL and John Dunlap contained in Paragraph 1 and, therefore, neither admits nor denies same, but demands strict proof thereof. Defendant denies the remaining allegations contained in Paragraph 1.

2. Defendant has insufficient information concerning the allegations contained in Paragraph 2 and, therefore, neither admits nor denies same, but demands strict proof thereof. In further answering, Defendant denies that it caused any damages alleged.

3. Defendant has insufficient information concerning the allegations contained in Paragraph 3 and, therefore, neither admits nor denies same, but demands strict proof thereof.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant denies the allegations contained in Paragraph 6.

7. Defendant has insufficient information concerning the allegations contained in Paragraph 7 and, therefore, neither admits nor denies same, but demands strict proof thereof.

8. Defendant has insufficient information concerning the allegations contained in Paragraph 8 and, therefore, neither admits nor denies same, but demands strict proof thereof.

9. Defendant admits that it prepared a draft Statement of Financial Condition as of December 31, 2012, but denies that the Statement of Financial Condition was ever finalized.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant has insufficient information concerning the allegations contained in Paragraph 13 and, therefore, neither admits nor denies same, but demands strict proof thereof.

14. Defendant has insufficient information concerning the allegations contained in Paragraph 14 and, therefore, neither admits nor denies same, but demands strict proof thereof.

## COUNT I
## FRAUD

15. Defendant incorporates its answers to Paragraphs 1 through 14 as if fully set forth herein.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

WHEREFORE, Defendant Rudd & Company, PLLC, requests entry of judgment in its favor and against Plaintiff as to Count I, with all applicable cost and expenses to be assessed against Plaintiff.

## COUNT II
## NEGLIGENT MISREPRESENTATION

26. Defendant incorporates its answers to Paragraphs 1 through 14 as if fully set forth herein.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant admits to all duties that arise by operation of law, but not those that arise by allegations of the Plaintiff.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

WHEREFORE, Defendant Rudd & Company, PLLC, requests entry of judgment in its favor and against Plaintiff as to Count II, with all applicable cost and expenses to be assessed against Plaintiff.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

36. Defendant incorporates its answers to Paragraphs 1 through 14 as if fully set forth herein.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

WHEREFORE, Defendant Rudd & Company, PLLC, requests entry of judgment in its favor and against Plaintiff as to Count III, with all applicable cost and expenses to be assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

Defendant Rudd & Company, PLLC submits the following affirmative defenses to the allegations in Plaintiff's Verified Complaint.

1. **Statute of Limitations.** Plaintiff's causes of action are barred by the applicable statute of limitation for actions against accountants.

2. **Contributory Negligence.** At all relevant times it was the duty of Plaintiff to use ordinary care to protect its financial well-being. Plaintiff breached this duty by failing to perform adequate due diligence before making the loan to John Dunlap. If Plaintiff sustained any damages as alleged in the Complaint, said damages were caused by Plaintiff's own negligence.

3.      **Fault of Non-Parties.**  If and to the extent that Plaintiff has suffered any damages, other persons and/or entities unknown to the Defendant at this time, may have caused or contributed to these alleged injuries and their fault bars or reduces Defendant's liability to Plaintiff. In addition, non-party John Dunlap caused or contributed to any alleged injuries sustained by Plaintiff and his fault bars or reduces Defendant's liability to Plaintiff.

4.      **Lack of Personal Jurisdiction.**  Defendant does not have sufficient minimum contacts with the State of Illinois for this Court to have personal jurisdiction over Defendant.

Respectfully submitted,

FALKENBERG FIEWEGER & IVES LLP

*/s/ Thomas F. Falkenberg*
One of the attorneys for Defendant Rudd & Company, PLLC

Thomas F. Falkenberg
Falkenberg Fieweger & Ives LLP
30 N. LaSalle St., Suite 4020
Chicago, IL 60602
312-520-2681
tff@ffilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed with the Clerk of the Court using the CM/ECF system and thereby served on the following defendant.

>   Glenn L. Udell
>   Glenn M. Kanter
>   Brown, Udell, Pomerantz & Delrahim, Ltd.
>   1332 North Halsted Street, Suite 100
>   Chicago, IL 60642

This 22nd day of August, 2016.

>   */s/ Thomas F. Falkenberg*
>   Thomas F. Falkenberg